
RECEIVED
WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
10-25-05

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY LEON GREENHILL | CIVIL ACTION NO. 05-1378-A |
| VS. | SECTION P |
| FREDERICK MENIFEE, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2241) filed *in forma pauperis* on July 25, 2005 by *pro se* petitioner Anthony Leon Greenhill. Greenhill is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock, (USPP) Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

On July 11, 1995, petitioner was convicted of being a felon in possession of a firearm and other felony offenses in the United States District Court for the Eastern District of California. On September 18, 1995 he was sentenced to serve 293 months in custody. [Doc. 1-1, p. 1] On October 7, 1996, his conviction was affirmed by the United States Ninth Circuit Court of Appeals. See U.S. v. Greenhill, 99 F.3d 1147, Unpublished

Disposition, 1996 WL 580550 (9th Cir. 1996). Subsequent Motions to Vacate filed pursuant to 28 U.S.C. §2255 were also denied. [Doc. 1-1, p. 2-3]

On June 7, 2002 petitioner was transferred to USPP due to disciplinary action and disciplinary transfer from the Federal Correctional Institution, Phoenix, Arizona. [Doc. 1-1, p. 5]

On June 17, 2005 petitioner submitted an informal resolution attempt (BP-8) grievance which stated in part, "I am currently classified under disciplinary transfer status with a greater security management variable. I now have 36 months clear conduct 'at' USP Pollock. I have complied with BOP policy for removal of the 'GRTR SECU MANAG'. I also request transfer back to my region." [Doc. 1-3, p. 1]

On June 21, 2005, petitioner's Correctional Counselor and Unit Manager responded, "...At this time, your Unit Team has made the decision to not remove your Management Variable. Management Variables reflect and support the professional judgment of the Bureau of Prisons staff to ensure an inmate's placement has been made and/or maintained at an institution level inconsistent [sic] with the inmate's security score. This score does not always completely or accurately reflect your security needs. Furthermore, you have not demonstrated an ability to effectively program at USP Pollock. Therefore, your request to have your Management Variable removed and to be transferred is denied."

[Doc. 1-3, p. 2]

Petitioner appealed this denial to the Warden. On July 12, 2005, Warden Menifee denied petitioner's grievance. The Warden reiterated the statement of the Correction Counselor and Unit Manager and added, "Specifically, during your most recent Program Review (Team) it was noted you had not completed any of the program recommendations previously recommended by your unit team. Records also indicate you have not completed any Educational or Counseling Programs during your incarceration at USP Pollock." Petitioner was then advised of his right to appeal to the Regional Director of the BOP. [Doc. 1-3, p. 5]

Instead, petitioner, on July 21, 2005, signed and submitted the instant petition for *habeas corpus*. Petitioner claims that his Fifth Amendment Due Process Rights have been violated by Warden Menifee who "...refuses to transfer petitioner back to original jurisdiction (West Coast), where he can pursue litigation through jurisdiction issue required by the United States Supreme Court in appeal of his criminal conviction on collateral review." Petitioner avers that he has complied with the BOP policy regarding transfer and has explained his litigation status but respondent still refuses to transfer him. [Doc. 1-1, p. 5]

3

**LAW AND ANALYSIS**

1. *Habeas Corpus*

To the extent that petitioner is attacking the execution of his federal sentence, his claims properly arise under 28 U.S.C. § 2241. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>United States v. Cleto</u>, 956 F.2d 83, 84 (5th Cir.1992).

Nevertheless, the instant *habeas* fails to state a claim since it has long been recognized that an inmate has no constitutionally protected interest in the <u>place</u> of his confinement. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

Further, the BOP has broad discretion to determine an inmate's place of confinement. See 18 U.S.C. § 3621(b) which provides,

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;

4

> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence –
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."

See also Prows v. Federal Bureau of Prisons, 981 F.2d 466, 468-69 n. 3 (10th Cir.1992), cert. denied, 51 U.S. 830 (1993) (Bureau of Prisons, under 18 U.S.C. 3621(b), exercises jurisdiction over placement of prisoners, replacing the Attorney General as the entity vested with such authority),; U.S. v. Lazo-Herrera, 927 F.Supp. 1472, 1472-73 (D.Kan.1996) (Even if the sentencing court makes recommendations for placement, it does so with full awareness that those recommendations may be disregarded by the BOP for a multitude of reasons; the final decision as to the

prisoner's placement rests with the BOP).

In short, petitioner has not shown that his custody is "...in violation of the Constitution or laws or treaties of the United States..." and therefore, his petition for writ of habeas corpus must be dismissed for failing to state a claim for which relief may be granted.

## 2. Rule 60(b) Motion

Petitioner has also filed a *pro se* Motion Under Rule 60(b)(4) of the Federal Rules of Civil Procedure. [See Doc. 1-4, pp. 1-38] While this pleading is difficult to decipher, it appears that petitioner is asking this court to review that judgment of the United States District Court for the Eastern District of California which denied petitioner's original Motion to Vacate under 28 U.S.C. §2255. [See Doc. 1-4, p. 6, "Statement of the Case – This petition concerns the integrity of the §2255 Motion filed 1/13/97 and denied 7/21/97 in the United States District Court for the Eastern District of California, Fresno."] This court lacks jurisdiction to rule on the propriety of another Federal Court's judgment. Petitioner's "Rule 60(b)" Motion [Doc. 1-4] must be denied.[1]

---

[1] Petitioner apparently seeks further collateral review of his federal criminal conviction. Through these proceedings he seeks to circumvent the prohibition against second and successive §2255 Motions. Of course, a federal convict may be permitted to circumvent that prohibition by pursuing his claim in accordance with the "savings clause" codified in §2255. To proceed under the "savings clause," however, the applicant must make the following

6

### 3. Motion for Documents

Finally, on October 17, 2005 petitioner filed a "Motion for Documents." [Doc. 7] In this pleading petitioner asks the court to order the Clerk of the United States District Court for the Eastern District of California to provide him, without cost, "...Certified copies of such documents or parts of the record on file in his office ..." in the matter of <u>United States of America v. Greenhill</u>, No. 94-CR/CV-5020. Apparently petitioner contends that the receipt of these documents by this court "...will aid the entitled courts hearing of the present petition for the writ of habeas corpus pending before this court..." [Doc. 7, p. 2]

Since dismissal of the *habeas* petition and petitioner's "Rule 60(b) Motion" have been recommended, the undersigned also recommends that the "Motion for Documents" be denied. The documents sought by petitioner have no relevance with respect to

---

three-part showing: (1) that his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court case "establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted"; and (3) precedent foreclosed this claim at the time of the petitioner's trial, appeal, or first § 2255 motion. <u>Christopher v. Miles</u>, 342 F.3d 378, 382 (5th Cir.) (citing <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir.2001)), *cert. denied*, 540 U.S. 1085, 124 S.Ct. 950, 157 L.Ed.2d 763 (2003). Petitioner makes no such showing in his Rule 60(b) Motion. Instead, he relies upon allegations of "bench judge bias." To the extent that petitioner's Rule 60(b) Motion should be construed as a petition for writ of habeas corpus filed pursuant to the "savings clause" of §2255, it should also be denied.

7

the resolution of the issues before this court.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* (28 U.S.C. §2241) be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted;

**IT IS FURTHER RECOMMENDED** that petitioner's "Rule 60(b)" Motion [Doc. 1-4] be **DENIED**;

**IT IS FURTHER RECOMMENDED** that petitioner's "Motion for Documents" [Doc. 7] be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* 79 F.3d 1415

8

(5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE